UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                       Case No. 16-cr-170-pp

EDWARD D. WILLIAMS,

    Defendant.

**ORDER DENYING LETTER MOTION TO REDUCE (DKT. NO. 151)**

On January 18, 2018, the court sentenced the defendant to 114 months in prison after he pled guilty to committing two Hobbs Act robberies and to using a firearm during one of those robberies. Dkt. No. 105. The court imposed the mandatory minimum sentence of eighty-four months on the gun charge, and gave the defendant thirty months on each of the robbery charges, to run concurrently with each other but consecutively to the eighty-four-month sentence on the gun charge. Id.

On December 12, 2018, the court received a letter from the defendant. Dkt. No. 151. The letter says, "I'm writing this letter to see if I qualify for the Johnson v.s United States 135 CT 2551 (2015). And the Sessions v.s Dimaya No. 15-1498 April 17, 2017." Id. The defendant says that if he does qualify, he would like a public defender. Id.

A judge is not allowed to give a defendant legal advice. But the court construes the defendant's letter as a motion for a sentence reduction under

1

either Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) or Sessions v. Dimaya, ___ U.S. ___, 136 S. Ct. 1204 (2018). The court will deny that motion.

The grand jury indicted the defendant on November 22, 2016—almost a year and a half after the Supreme Court issued its decision in Johnson v. United States. If Johnson had applied in his case, his very experienced federal criminal defense lawyer could have argued it at that time. The lawyer did not argue that Johnson applied, because it did not. The Johnson decision related to defendants who were sentenced under the Armed Career Criminal Act, 18 U.S.C. §924(e). That law says that if someone who commits a federal gun crime has three prior convictions for a "violent felony," that person faces a much higher sentence than someone who doesn't have three prior "violent felony" convictions. The Johnson Court found one of the definitions of "violent felony" under the Armed Career Criminal Act was so vague that it was unconstitutional—it was so vague that a defendant would not have fair notice of what kind of felony might meet that definition. The defendant was not sentenced under the Armed Career Criminal Act, so the Johnson case does not apply to him.

Even if Johnson had applied to this defendant, and the court (Judge Pepper) had missed that, the defendant's remedy would have been to appeal his sentence. The Federal Rules of Appellate Procedure say that if someone wants to appeal his criminal conviction or sentence, he must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P.

4(b)(1)(A). That means this defendant would have had to file his notice of appeal by February 1, 2018. He did not file a notice of appeal by that deadline (he hasn't file a notice of appeal at all).

This court also does not have the authority to reduce the defendant's sentence. Fed. R. Crim. P. 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the sentencing. The defendant is not arguing that the court made a math error, or a technical error. If he believed that the court made some other "clear error" in the sentence it imposed, he should have filed his motion under Rule 35(a) by February 1, 2018. He did not.

The defendant also mentioned Sessions v. Dimaya. The Supreme Court decided that case on April 17, 2018, four months after the court sentenced the defendant. But Dimaya does not apply to the defendant, either. In Dimaya, an immigration judge decided that someone was deportable because he was an aggravated felon; to come to that conclusion, the immigration judge used the "violent felony" definition that the Johnson Court had found too vague. For many of the same reasons the Johnson Court found the language too vague, it found it too vague in Dimaya. Because the defendant wasn't sentenced under the Armed Career Criminal Act (or any statute or guideline with a residual clause that has been deemed void for vagueness), Dimaya does not apply in the

3

defendant's case.

The court **CONSTRUES** the plaintiff's letter as a motion to reduce his sentence, and **DENIES** that motion. Dkt. No. 151.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

                                      **BY THE COURT:**

                                      _____
                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**